Amos Goodman et al *v.* R. Bolton et ux, Mary Vass & A. C. · Land.

Evidence—Admission of Certificate of Authentication of Deeds—Lost Instruments.
    It is error to admit as evidence, certificates of officers of a foreign state, to establish the existence of an unrecorded deed.

Deeds—Delivery to Pass Title.
    It is the execution and delivery of a deed that passes the legal title, and not the authentication.

Same—Notice.
    The authentication and recording of deeds is for the purpose of notice to the community, that innocent purchasers, and creditors, may be protected.

Evidence—Records.
    In order to make the records of authentication of deeds, evidence to establish title, it must be according to the statute and within the time prescribed. Such records can be admitted only to show extent of possession.

APPEAL FROM HART CIRCUIT COURT.

April 14, 1863.

State of Kentucky,
County of Franklin.    Sct.

Thomas J. Chestnut states that he was a deputy and copying clerk in the office of Gen'l Leslie Combs, Clerk of the Court of Appeals of Kentucky, in April, 1863. That the writing hereto attached purporting to be a copy of the opinion of the court, in the case of Amos Goodman et al, appellants, v. Robert Bolton and wife, Mary Vass and A. C. Long, appellees, from the Hart circuit court, is in his handwriting, and is a true and correct copy of the opinion of the court in said case, made by affiant from the original opinion.

Subscribed and sworn to before me by Thos. J. Chestnut this 27th day of January, 1869.

*Charles Haydon, D. C. C. A.*                    *T. J. Chestnutt.*

State of Kentucky,
Franklin County,    Sct.

Alvin Duvall states that he is the clerk of the court of appeals, and that upon the examination of the files and records in his office, he finds that the opinion of the court in the case of Goodman et al v. Bolton et al, from Hart is not on file. He supposes it to have been destroyed by fire, at the time of the burning of the office of the clerk of the court of appeals.

*A. Duvall.*

Subscribed and sworn to before me by Alvin Duvall this 27th day of January, 1869.

*Charles Haydon, D. C. C. A.*

State of Kentucky,
County of Franklin.    Sct.

James A. Dawson states that he represented appellants, as attorney in this court, in the case from Hart, of Goodman et al v. Bolton et al, and that the accompanying copy of the opinion of the court in said case, the same mentioned in the affidavit of Thos. J. Chestnut, was delivered to him by the clerk of the court of appeals as a copy of the opinion in said case. It was not certified, because it was asked for and obtained by him before the time allowed for filing a petition for a rehearing had expired, before the mandate became final, and before the clerk of said court was authorized to open an official copy of said opinion.

Affiant further states that petitions for a rehearing were filed both by appellants and appellees, and that they were both overruled and the original opinion of which the accompanying copy is a transcript was the final order and ruling of the court in said case.

He states that it is important to the interests of the parties to said suit, and those holding and claiming lands under them, that the lost opinion of the court shall be replaced in substantial and authentic form. Wherefore he asks that the accompanying transcript may be received and adjudged the opinion of the court in said case.

James A. Dawson.

Sworn to before me by James A. Dawson, 27th day of January, 1869.           Charles Haydon.

Charles Haydon, D. C. C. A.

The court being sufficiently advised delivered the following opinion herein, to-wit—

Mrs. Bolton, Mrs. Vass and A. C. Lang claiming to be the children, heirs and devisees of their deceased father and mother, Thomas Lang, Jr., and his wife, Mary Lang, who survived him, both of whom died in Virginia where they resided, brought this suit in equity to procure the legal title to a tract of 19,000 acres of land situated in Hart county, from the unknown heirs of Pollard the patentee, who had conveyed the land to Phillips, and from the unknown heirs of Phillips, who had conveyed it to Thomas Lang, Jr., and against some thirty other persons residing on said land as occupants and claimants of various parcels.

These deeds are attempted to be established by copies from the records of the clerk of this court which show that the deed from Pollard to Phillips was acknowledged before two persons styling themselves "Justices of the Peace and Court of Common Pleas" for Philadelphia county, State of Pennsylvania, on 6th March, 1787, which on their certificates was admitted to record by the recorder of said county and state, on 6th June, 1796, and a certified copy from said record admitted to record by the clerk of this court—2nd November, 1802—

The deed from Phillips to Lang was acknowledged before the mayor of Philadelphia, 8th June, 1796, and the same day admitted to record by the recorder of the county of Philadelphia,

State of Pennsylvania, a certified copy from said record being admitted to record by the clerk of this court on 2nd November, 1802—

The chancellor erroneously, as we think, admitted these records to be read as evidence to establish the existence of an unrecorded deed and to have the same effect.

It is the execution and delivery of deeds, that passes the legal title and not the authentication as the chancellor supposed. See *Fitzbugh v. Crogham, 2 J. J. Mar. 434.*

The authentication and recording deeds according to the provisions of our statutes, are for the purpose of notice to the community, that innocent purchasers, and creditors, may not be deluded, and for the perpetuation of the evidence of the conveyance, but in order to make the record evidence, the authentication must be, according to the statutes, and within the time prescribed else it can not be evidence to establish title.

There was no law authorizing these deeds to be recorded in Pennsylvania; none authorizing a copy from the record of that state to be recorded in this, none to authorize the recording of a deed made by a non-resident to be recorded after eighteen months, from the making—

The records could have been admitted alone to show the extent of possession—

Though appellees have wholly failed to make out a record title they have established that A. H. Buckner, claiming to act as their agent as far back as the years 1836 or 1837, leased said land and the lessees have resided on it claiming up to the patent boundaries.

That Bolton and wife and Mrs. Vass—her husband being dead—removed to, and have continued to reside on the land claiming up to the boundaries since sometime between the years 1842 and 1845.

There is nothing in the case to show that Thomas Lang, Jr., was a foreigner by birth, his residence in Great Britain, and removed from there to Virginia is not inconsistent with his being a native born citizen of the United States and this only appears by way of recital in Phillips deed to him repeated in the petition; none of the defendants allege that he was a foreigner by birth, nor would it necessarily follow that his children were aliens nor that they were incapable of holding land especially as their recovery must be based upon their own actual possesion.

Appellants, H. W. Buckner, H. B. White, Washington Wright and Otho Nell, made no defence nor have they shown any error in the judgment of which they can complain. Buckner proves in his deposition that his possession was under A. H. Buckner as agent for Lang's heirs and that he has ever since held for them.

Appellant Robert Appleby says he had removed from the land "and that Pratt was claiming his claim."

Jos. M. Stoll says he had left the state, that he did not live on the land at or after this action was begun and that Brown was claiming the land he once claimed.

W. B. Tharp, Nathan McDowell and D. J. Logsdon say that they did not live on the land at or after the beginning of the suit, and do not claim any land on said survey although they claim land near to it.

Amos M. Goodman, Wesley C. Goodman, Stephen D. Richardson and B. H. Jones claim under a decretal sale with eight years adverse possession.

Fountain Hill claims to hold under Tharp's heirs, who claim to hold under a conveyance from A. Sneed to their father.

Samuel Hodges, Thomas Constant, Jacob Devere, Willis Johnson, James T. Reynolds, John Lang and Thomas J. Penny, set up no title but say they are "occupants (or squatters if preferred")."

None have filed any written evidence of their title, nor do they assert possession previous to 1837.

From the pleadings and evidence it might be legitimately inferred that their possession began since 1837.

There is no proof that Tharp and McDowell were on the land; their answer should be regarded as a disclaimer of any adverse holding and it was erroneous to adjudge costs against them.

The judgment is correct as to the others.

Samuel Craddock, John Richardson and Samuel Isaac claim, under Dudley Rountree, whom they assert had possession of about two thousand acres, lived on it, claiming by meets and bounds forty years since and that a continued adverse possession through him, his heirs and those claiming under them have existed for forty years.

Whether the statutes of limitation ran in their favor and against appellees need not be determined as we are satisfied that they had possession before appellees which they have continued

to hold and that appellees can not on their naked possession oust any previous possession.

The judgments as to these appellants were erroneous, the petition should have been dismissed absolutely as to them.

The judgment, therefore, is *affirmed* as to all except W. B. Tharp, Nathan McDowell, Samuel Craddock, and Samuel Isaacs, and reversed as to them for the causes assigned, the cause remanded for further proceedings in conformity to this opinion.